COOPER, WHITE & COOPER LLP
VIJAY K. TOKE (SBN 215079)
  vtoke@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:    (415) 433-5530

GUY KORNBLUM & ASSOCIATES
GUY O. KORNBLUM (SBN 39974)
  GKornblum@kornblumlaw.com
CLARK A. LAMMERS (SBN 252520)
  CLammers@kornblumlaw.com
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 440-7800
Facsimile: (415) 440-7898

LAW OFFICES OF DAVID M. ZEFF
DAVID M. ZEFF (SBN 632289)
  dmz@zefflaw.com
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 923-1380
Facsimile: 415) 923-1382

Attorneys for Plaintiff Original Joe's, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORIGINAL JOE'S INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PINSONNEAULT HOLDINGS, LLC, a California limited liability company; MAJESTIC, LLC, a California limited liability company,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ORIGINAL JOE'S, INC. (hereafter, "Plaintiff," or "OJI"), by and through its undersigned counsel, brings this Complaint for trademark infringement, unfair competition, and false designation of origin against Defendant PINSONNEAULT HOLDINGS, LLC (hereafter, "Pinsonneault Holdings" or, collectively, "Defendants") and Defendant MAJESTIC, LLC ("Majestic" or, collectively, "Defendants"). Plaintiff and Defendants are collectively referred to as "the Parties."

## INTRODUCTION

1. OJI owns a federal trademark registration for the stylized word mark "Original Joe's" (Reg. No. 1705609) ("Stylized Word Mark"), as well as a common law trademark rights in both the word mark Original Joe's ("ORIGINAL JOE'S") and the Stylized Word Mark. Collectively, the Stylized Word Mark and the word mark ORIGINAL JOE'S are referred to herein as the "Mark" or "Marks." Plaintiff's "Original Joe's" restaurant has been at its current location at 144 Taylor Street in the Tenderloin neighborhood of San Francisco and has provided restaurant services in San Francisco under the Marks since its founding in 1937. Since that time, Plaintiff's restaurant has become one of the most popular and recognizable restaurants in San Francisco due to its exhibition cooking, excellent Italian comfort food, large food portions, reasonable prices, good service, and relaxed and welcoming atmosphere. Area politicians, celebrities, and average citizens frequented Original Joe's to sit in its dark, leather booths and be served generous portions of food by tuxedo-wearing waiters. Amid a deteriorating neighborhood over the past few decades, Original Joe's has remained a refuge where good food and good times reigned supreme. Unfortunately, extensive fire damage forced the restaurant to close in October 2007. Efforts to either re-open the restaurant at 144 Taylor Street or at another location in San Francisco have been active and ongoing since.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendants Pinsonneault Holdings, LLC and Majestic, LLC are the owners of the Hotel Majestic, located at

1500 Sutter Street in San Francisco, California ("Hotel Majestic"). In or about late 2006, Hotel Majestic renovated the restaurant space at the hotel and opened a restaurant called Café Majestic. Café Majestic closed in or about late March or early April 2009. The restaurant space at Hotel Majestic has not been open since approximately late March or early April 2009. Shortly after Café Majestic closed, Defendants, and each of them, through their representative and employee John Harris (a 20+ year veteran at OJI's Original Joe's restaurant) contacted Marie Duggan, one of the owners and operators of Plaintiff OJI, to propose re-opening Original Joe's restaurant in the space formerly occupied by Café Majestic. On information and belief, Plaintiff alleges that Mr. Harris currently is and/or will be the bar manager for the new restaurant to be opened at the Hotel Majestic. Mrs. Duggan met with John Harris, an operational restaurant consultant hired by the Hotel Majestic, and a then general manager of the Hotel Majestic to discuss the offer. At the end of the meeting, Mrs. Duggan indicated she would consider the offer. Shortly thereafter, Mrs. Duggan decided that the space was not right for the Original Joe's restaurant.

3. Subsequently, John Harris contacted John Duggan, Jr., one of the other family members involved with the operations of OJI to discuss an opportunity at the Hotel Majestic. Mr. Duggan met with Mr. Harris to discuss the opportunity. Mr. Harris acknowledged that Mrs. Duggan had not accepted Defendants' offer to open Original Joe's in the Hotel Majestic, but conveyed to Mr. Duggan that Defendants believed an "Original Joe's style restaurant" would be a big hit at that location. Mr. Harris proposed the "Uptown Joe's" name, indicating that they would make every effort to recreate the Original Joe's restaurant at the Hotel Majestic and target the same customers. Mr. Harris indicated they would offer the same kind of food, have a similar ambiance, and implement the same concepts as Original Joe's. Mr. Harris also stated that the proposed name, "Uptown Joe's," would also strengthen the association with Original Joe's, since the restaurant would be "uptown" from the Original Joe's restaurant location. Mr. Harris indicated that trading

1 on the good will built into the ORIGINAL JOE'S Mark with the name "Uptown Joe's" would be a key element to the restaurant's success.

4. Mr. Duggan, too, rejected Defendants' offer to open the proposed Uptown Joe's restaurant. At no time did OJI give Defendants authority to use the "Uptown Joe's" name without OJI's involvement.

5. Plaintiff recently learned that despite the facts that OJI decided not to re-open its Original Joe's restaurant at the Hotel Majestic location or open an "Uptown Joe's" offshoot, Defendants now imminently plan to open the "Uptown Joe's" restaurant they discussed with Mr. Duggan without OJI's authorization. On information and belief, the restaurant, as described by Defendants' representatives to the press, will have a classic look similar to OJI's Original Joe's restaurant. Further, in addition to Mr. Harris, a more than twenty year veteran of the Original Joe's restaurant, Defendants have now hired a former chef/manager of Original Joe's, a fifteen year veteran of Original Joe's. OJI is informed and believes and on that basis alleges that Defendants have solicited or will solicit additional former Original Joe's employees to work at the "Uptown Joe's" restaurant they intend to open in order to strengthen the association with OJI's ORIGINAL JOE'S Mark and brand, and the good will built in them since 1937. Defendants' restaurant will therefore be exactly the same as the restaurant discussed with John Duggan, using the exact same name discussed, which was specifically contemplated to create an association with Plaintiff's ORIGINAL JOE'S Marks to take advantage of the long-standing good will in those Marks.

6. In or about the first week of October, 2009, Mr. Harris contacted Marie Duggan to inform her that Defendants intended to open the restaurant at the Hotel Majestic with the "Uptown Joe's" name. Mrs. Duggan informed Mr. Harris that she believed that Defendants' adoption of the "Uptown Joe's" name infringed OJI's Marks. Plaintiff thereafter contacted Defendant Pinsonneault Holdings in writing as soon as practicable after learning of Defendants' intention to

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

2
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

open a restaurant at the Café Majestic space using the name "Uptown Joe's," demanding that Defendants change the intended name for the restaurant. Plaintiff received no response. However, subsequent press coverage has indicated that Defendants intend to continue with their plans to open "Uptown Joe's" restaurant, over Plaintiff's objection.

## THE PARTIES

7. Plaintiff OJI is a California corporation organized and existing under the laws of the State of California with its principal place of business at 144 Taylor Street, San Francisco, California 94102.

8. Upon information and belief, Defendant Pinsonneault Holdings, LLC is a California limited liability company organized and existing under the laws of the State of California with its principal place of business at 600 West Broadway, Suite 200, San Diego, California 92101.

9. Upon information and belief, Defendant Majestic, LLC is a California limited liability company organized and existing under the laws of the State of California with its principal place of business at 600 West Broadway, Suite 200, San Diego, California 92101.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338. This Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1338(b) in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

3
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## INTRADISTRICT ASSIGNMENT

12. Assignment to the San Francisco Division is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in the County of San Francisco and the property that is the subject of this action is situated in the County of San Francisco.

## FACTUAL ALLEGATIONS

### A. History of OJI

13. OJI is the owner of a federal registration for the Stylized Word Mark "Original Joe's" for restaurant services (Registration No. 1705609). Said registration was entered on August 4, 1992. The registration was deemed incontestable under 15 U.S.C. Section 1065 in 1998 and renewed for an additional 10-year term in 2002. A copy of Plaintiff's registered mark is attached hereto as Exhibit A. OJI also has possessed common law trademark rights in the stylized and unstylized word mark "Original Joe's" since 1937. OJI's Marks are prominently displayed on restaurant menus, advertisements, brochures, and within its Internet Web Site. As a result, OJI is the exclusive, incontestable owner of the Marks for restaurant services in the United States.

14. OJI was incorporated in 1938 to operate the San Francisco landmark restaurant, Original Joe's, located at 144 Taylor Street in the Tenderloin district of San Francisco. From its founding, OJI endeavored to establish Original Joe's as one of San Francisco's premier restaurants. It succeeded.

15. Original Joe's quickly became a favorite among San Franciscans. Citizens from all walks of life descended on the restaurant to enjoy quality wines and large portions of Italian comfort food served by tuxedo-clad waiters. The restaurant's increasing popularity was also based on several signature elements, such as its red leather booths, exhibition cooking, and the world-famous "Joe's Special," which is an entrée consisting of eggs, onions, ground beef, and spinach. Due to its relaxing and friendly atmosphere, Original Joe's has consistently been one of San

Francisco's most popular restaurants since it opened. Given the restaurant's long and storied history, the ORIGINAL JOE'S Mark is one of San Francisco's strongest and most recognizable.

16. OJI is currently operated by Marie Duggan, her son John A. Duggan, and her daughter, Elena Duggan.

17. A fire that started in the hotel above the Original Joe's restaurant forced the restaurant to close its doors in October of 2007. Since then, however, Plaintiff has remained committed to re-open the restaurant at the Taylor Street location or elsewhere in San Francisco. Plaintiff continues to field offers from prospective investors and other interested parties—including from Defendants—regarding the re-opening of the restaurant and Plaintiff intends to re-establish "Original Joe's" in the near future.

**B.   History of Defendants**

18. Plaintiff is informed and believes, and on that basis alleges, that Defendants Pinsonneault Holdings, LLC and Majestic, LLC are the owners of the Hotel Majestic and of the restaurant to be opened in the Hotel Majestic's restaurant space.

19. On information and belief, in late 2006 Defendants opened a restaurant called Café Majestic in the Hotel Majestic's restaurant space. Café Majestic closed in approximately late March or early April 2009.

**D.   The Parties' Negotiations and Defendants' Unlawful Activities**

20. Shortly after Café Majestic closed, Defendants, and each of them, through their representative and employee John Harris (a 20+ year veteran at OJI's Original Joe's restaurant) contacted Marie Duggan, one of the owners and operators of Plaintiff OJI, to propose re-opening Original Joe's restaurant in the space formerly occupied by Café Majestic. On information and belief, Plaintiff alleges that Mr. Harris currently is and/or will be the bar manager for the new restaurant to be opened at the Hotel Majestic. Mrs. Duggan met with John Harris, an operational

restaurant consultant hired by the Hotel Majestic, and a then general manager of the Hotel Majestic to discuss the offer. At the end of the meeting, Mrs. Duggan indicated she would consider the offer. Shortly thereafter, Mrs. Duggan decided that the space was not right for the Original Joe's restaurant.

21.   Subsequently, John Harris contacted John Duggan, Jr., one of the other family members involved with the operations of OJI to discuss an opportunity at the Hotel Majestic. Mr. Duggan met with Mr. Harris to discuss the opportunity. Mr. Harris acknowledged that Mrs. Duggan had rejected Defendants' offer to open Original Joe's in the Hotel Majestic, but conveyed to Mr. Duggan that Defendants believed an "Original Joe's style restaurant" would be a big hit. Mr. Harris proposed the "Uptown Joe's" name, indicating that they would make every effort to recreate Original Joe's at the Hotel Majestic and target the same customers. Mr. Harris indicated they would offer the same kind of food, have a similar ambiance, and implement the same concepts as Original Joe's. Mr. Harris also stated that the proposed name, "Uptown Joe's" would also strengthen the association with Original Joe's, since the restaurant would be "uptown" from the Original Joe's restaurant location. Mr. Harris believed that trading on the good will built into the ORIGINAL JOE'S Mark with the name "Uptown Joe's" would be a key element to the restaurant's success.

22.   Mr. Duggan, too, rejected Defendants' offer to open the proposed Uptown Joe's restaurant. At no time did OJI give Defendants authority to use the "Uptown Joe's" name without OJI's involvement.

23.   Quite the contrary, when Mr. Harris contacted Marie Duggan to inform her that Defendants intended to open the restaurant at the Hotel Majestic with the "Uptown Joe's" name, Mrs. Duggan indicated that she believed Defendants' adoption of the "Uptown Joe's" name was an infringement of OJI Marks. Plaintiff thereafter also sent a cease and desist letter to Defendant

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

6
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

Pinsonneault Holdings but received no response. Subsequent press coverage, however, has indicated that Defendants have been apprised of OJI's objections the use of the "Uptown Joe's" name but intend to continue with their plans to open "Uptown Joe's" restaurant, over Plaintiff's objection. In fact, Defendants recently indicated to the press that they plan to open their "Uptown Joe's" restaurant without Plaintiff's authorization on or about November 11, 2009.

24. The restaurant, as described by Defendants' representatives to John Duggan, will resemble the Original Joe's restaurant in cuisine, feel, theme, and overall concept. Defendants' representative, John Harris, who appears to be spearheading development of Defendants' restaurant, was a more than twenty year veteran of the Original Joe's restaurant, and Defendants have also hired a former chef from the Original Joe's restaurant, at Mr. Harris's recommendation. Plaintiff is informed and believes, and on that basis alleges, that Defendants have sought to employ other former Original Joe's employees in an attempt to strengthen the association with Plaintiffs ORIGINAL JOE'S Marks and the good will built in the Marks since 1937.

25. Plaintiff contacted Defendant Pinsonneault Holdings and informed it that OJI does not authorize the use of the "Uptown Joe's" name and that the use of that name would infringe upon OJI's trademark rights. This is particularly so because, as alleged herein, Defendants specifically chose the name of the restaurant to take advantage of the good will built in the Plaintiff's Marks. Defendants have rejected OJI's cease and desist demand and continue to publicly indicate they will open their restaurant with the "Uptown Joe's" name. The Hotel Majestic's manager has even stated to the San Francisco Chronicle that if OJI had a problem with the use of the "Uptown Joe's" name, it should have opened up an Original Joe's or Uptown Joe's restaurant in the former Café Majestic space when offered.

26. Here, the services for which both marks will be used are identical: restaurant services. The marks, too, are highly similar. Here, the dominant part of the mark is the word

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

7
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

"Joe" because the ORIGINAL JOE'S mark is a strong identifier of source, especially in San Francisco, where it has been used since 1937. Therefore, the other word in the mark serves as a modifier to the dominant word "Joe" and serves to link the two marks. With the two marks here, Defendants' proposed "Uptown Joe's" suggests that the restaurant will be located "uptown" from the other "Joe's" in San Francisco, the Original Joe's. Given how strong the ORIGINAL JOE'S Marks are in San Francisco, this association between the marks is highly likely. It is also precisely the association that Defendants intended in adopting the "Uptown Joe's" name, as Defendants' representative John Harris indicated to John Duggan, Jr. This is especially so since both restaurants will also likely be marketed in the same way.

27. In fact, press coverage of this dispute has already connected the two marks. A recent article on Eater SF, a popular local website for news and information about the Bay Area food scene, announced that Original Joe's was about to be reborn in the former Café Majestic space at the Hotel Majestic, only, according to the article, the owners of "Original Joe's" were not going to be involved and that they oppose the adoption of the "Uptown Joe's" name.

28. Defendants' use of the "Uptown Joe's" name is also directly competitive to Original Joe's restaurant in San Francisco. OJI's Marks are strong, amongst San Francisco's most recognizable, especially due to OJI's more than 70 years in San Francisco using the Marks. The amount of good will built into the Marks is therefore extremely significant.

29. Further, Defendants adopted the name "Uptown Joe's" and hired former OJI employees as well, all after discussing the same name and concept with OJI, as a way to resurrect the Original Joe's restaurant while taking advantage of its considerable good will in order to increase the restaurant's visibility in the highly competitive San Francisco food scene. This intentional adoption of the "Uptown Joe's" name without authorization from OJI is willful, malicious, and intended to deceive.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

8

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

30. As a result, Defendants' adoption of the "Uptown Joe's" name is likely to cause confusion amongst consumers and therefore infringes OJI's Marks. Defendants' intentional adoption of the "Uptown Joe's" name, after having discussed its use with Plaintiff as a means to take advantage of the good will inherent in Plaintiff's Marks, renders Defendants' infringement intentional.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. § 1114)**

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. OJI is the owner of a federal trademark registration for the Stylized Word Mark (Registration No. 1705609), which was issued on August 4, 1992, deemed incontestable in 1998, and renewed in 2002 (See Exhibit A). This registration is valid, subsisting, incontestable, uncancelled and unrevoked. OJI is also the owner of a common law rights in the ORIGINAL JOE'S word mark and the Stylized Word Mark since 1937. As such, Plaintiff is the senior user and exclusive owner of the Marks.

33. Continuously since on or about 1937, Plaintiff has used its "Original Joe's" Marks in connection with and to identify its restaurant services and to distinguish its services from similar services offered by other companies and restaurants, by, and without limitation, prominently displaying said Marks on signage, menus, advertising, and promotional materials distributed throughout the United States. Plaintiff's services provided under the "Original Joe's" Marks and name are provided throughout the State of California and are known nationwide.

34. In addition, as of the date of the filing of this Complaint, Plaintiff is actively engaged in expanding its use of the "Original Joe's" Marks in connection with restaurant services in interstate commerce throughout the United States, including in the State of Nevada.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

9

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

35. Defendants' adoption of the "Uptown Joe's" name for a restaurant in San Francisco is likely to cause consumer confusion, mistake, or deception.

36. Defendants' activities described herein constitute infringement of OJI's rights in its federally registered mark for "Original Joe's" under 15 U.S.C. § 1114.

37. By committing the acts described herein, Defendants intentionally, knowingly, and willfully infringed the OJI's registered mark.

38. OJI's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Defendants' use of a confusingly similar mark in connection with its services. Defendants' actions have been willful, malicious, and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive.

WHEREFORE, OJI prays for relief and judgment in its favor as set forth below.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. The planned acts of Defendants alleged herein will and do constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the offering of services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' imminent use of the "Uptown Joe's" name is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants' restaurant with OJI's "Original Joe's" Marks and the services provided under those Marks. Defendants plan to imminently offer restaurant services to the general public under the name "Uptown Joe's" and, unless restrained and enjoined, will do so.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

10
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

41. OJI's remedy at law is not adequate to compensate it for the harm inflicted and threatened by Defendants' use of a confusingly similar mark in connection with its services. Defendants' actions have been willful, malicious, and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive.

WHEREFORE, OJI prays for relief and judgment in its favor as set forth below.

### THIRD CLAIM FOR RELIEF

**(False Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. In naming their restaurant "Uptown Joe's," Defendants are falsely representing that the restaurant is affiliated with and is a reincarnation of or restaurant related to OJI's "Original Joe's" restaurant in San Francisco.

44. Defendants' misrepresentations, in commercial promotion of the nature of their services, constitute false advertising in violation of 15 U.S.C. Section 1125(a)(1)(B). As a result of Defendants' unlawful acts, OJI and consumers will (and have) suffered damages and harm, and will continue to suffer injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further such acts of false advertising.

WHEREFORE, OJI prays for relief and judgment in its favor as set forth below.

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business & Professions Code § 17200, *et seq.* and California Common Law)**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

11

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

46. Defendants' acts as alleged above constitute an unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq.* and the common law of the State of California. Defendants, by virtue of their acts as alleged herein, have embarked upon a scheme to willfully, knowingly, and intentionally engage in acts of unfair competition under California Business and Professions Code Sections 17200, *et seq.* and the common law of the State of California. Defendants' acts have resulted or will imminently result in the "passing off" of Defendants' services as those of OJI, or as somehow related, associated with, sponsored, or endorsed by OJI.

47. By reason of these acts, OJI has suffered and is suffering actual, permanent, and irreparable injury unless Defendants are permanently enjoined from the use of the "Uptown Joe's" mark or similar. Plaintiff has no adequate remedy at law.

WHEREFORE, OJI prays for relief and judgment in its favor as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants and for:

A.  A Judgment that Defendants have infringed U.S. Trademark Registration No. 1705609, in violation of 15 U.S.C. Section 1114;

B.  A Judgment that Defendants have falsely designated the origin of their services in violation of 15 U.S.C. Section 1125(a);

C.  A Judgment that Defendants have falsely advertised the nature of their services in violation of 15 U.S.C. Section 1125(a)(1)(B);

D.  A Judgment that Defendants engaged in unfair competition in violation of California Business & Professions Code Sections 17200, *et seq.*

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

12

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

E.    A Judgment that Defendants wilfully and deliberately advertised, distributed, promoted, sold, and offered for sale services infringing on OJI Marks, in violation of federal law;

F.    A preliminary and permanent injunction restraining Defendants, their officers, shareholders, agents, servants, employees, attorneys, successors and assigns and all others in concert and privity with them from using the name "Uptown Joe's" in connection with the offering of any new restaurant services;

G.    An Order directing Defendants to file with this Court and serve on Plaintiff's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.    An Order that all documents, sale materials, labels, signs, boxes, prints, catalogues, line sheets, marketing materials, internet web pages, metatags, packages, papers, and advertisements in the possession or control of Defendants bearing images, illustrations, or representations of the enjoined infringement be delivered to Plaintiff's counsel or destroyed;

I.    An accounting for Defendants' profits arising from Defendants' unfair competition and trademark infringement and an award of Defendants' profits to Plaintiff;

J.    An award of damages sustained by Plaintiff;

K.    An award of treble the actual damages awarded;

L.    An award of costs and reasonable attorneys' fees and expenses incurred by Plaintiff in connection with this action; and

H.    Such other and further relief which this Court may deem just and proper.

DATED: November 3, 2009    COOPER, WHITE & COOPER LLP

By: _____
Vijay K. Toke
Attorneys for Plaintiff Original Joe's, Inc.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

13
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

**DEMAND FOR JURY TRIAL**

Plaintiff ORIGINAL JOE'S, INC. hereby demands a jury trial on all claims herein that are properly triable to a jury.

DATED: November 3, 2009

COOPER, WHITE & COOPER LLP

By: _____
Vijay K. Toke
Attorneys for Plaintiff Original Joe's, Inc.

625806.1

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

14
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cl.: 100

**United States Patent and Trademark Office**  Reg. No. 1,705,609
Registered Aug. 4, 1992

## SERVICE MARK
### PRINCIPAL REGISTER



ORIGINAL JOE'S, INC. (CALIFORNIA CORPORATION)
144 TAYLOR STREET
SAN FRANCISCO, CA 94102

FOR: RESTAURANT SERVICES, IN CLASS 42 (U.S. CL. 100).

FIRST USE 0-0-1937; IN COMMERCE 0-0-1937.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ORIGINAL", APART FROM THE MARK AS SHOWN.

THE NAME "JOE" DOES NOT IDENTIFY OR REFER TO ANY PARTICULAR LIVING INDIVIDUAL.

SER. NO. 74-167,502, FILED 5-17-1991.

DAVID C. REIHNER, EXAMINING ATTORNEY