COOPER, WHITE & COOPER LLP
VIJAY K. TOKE (SBN 215079)
vtoke@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

GUY KORNBLUM & ASSOCIATES
GUY O. KORNBLUM (SBN 39974)
GKornblum@kornblumlaw.com
CLARK A. LAMMERS (SBN 252520)
CLammers@kornblumlaw.com
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 440-7800
Facsimile: (415) 440-7898

LAW OFFICES OF DAVID M. ZEFF
DAVID M. ZEFF (SBN 632289)
dmz@zefflaw.com
1388 Sutter Street, Suite 820
San Francisco, California 94109
Telephone: (415) 923-1380
Facsimile: 415) 923-1382

Attorneys for Plaintiff ORIGINAL JOE'S, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| ORIGINAL JOE'S INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PINSONNEAULT HOLDINGS, LLC, a California limited liability company; MAJESTIC, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. C 09-05203-CRB<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER AND (2) AN OSC RE: PRELIMINARY INJUNCTION**<br><br>Date: TBD<br>Time: TBD<br>Crtrm.: 18, 19th Floor<br>Hon. Charles R. Breyer |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Original Joe's, Inc. ("OJI") hereby applies on an *ex parte* basis for the following relief:

(1) a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and 15 U.S.C. Section 1116(a) and California Business & Professions Code Section 17200, *et seq.* prohibiting Defendants PINSONNEAULT HOLDINGS, LLC, and MAJESTIC, LLC, and all those acting in concert with them, from continuing to operate, promote, or advertise any restaurant featuring the name "Uptown Joe's", any variant or subset thereof, or any other confusingly similar name, in connection with their restaurant name, title, menu, or otherwise using the name "Uptown Joe's", any variant or subset thereof, or any other confusingly similar name, in connection with the provision of restaurant services pending a final judgment in this action; and

(2) an order to show cause why Defendants, and all those acting in concert with them, should not be prohibited during the pendency of these proceedings from continuing to operate, promote, or advertise any restaurant featuring the name "Uptown Joe's", any variant or subset thereof, or any other confusingly similar name, in connection with their restaurant name, title, menu, or otherwise using the name "Uptown Joe's", any variant or subset thereof, or any other confusingly similar name, in connection with the provision of restaurant services .

The grounds for this Ex Parte Application are as follows.

1. OJI has a very strong mark for ORIGINAL JOE'S as a service mark in the restaurant business. It has operated a restaurant under the service mark ORIGINAL JOE'S since 1937 at 144 Taylor Street, San Francisco, California. The Original Joe's restaurant is a San Francisco institution, and the ORIGINAL JOE'S Mark is one of San Francisco's most well-known marks. As a result of the mark's long-standing use and prominence, the Original Joe's restaurant is nationally recognized culinary establishment.

2. OJI's ORIGINAL JOE'S stylized word mark has been federally registered through the United States Patent and Trademark Office since 1992 (Registration No. 1705609) and was deemed incontestable under 15 U.S.C. Section 1065 in 1998.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

3. On or about November 11, 2009, Defendants PINSONNEAULT HOLDINGS, LLC and MAJESTIC, LLC, opened a restaurant named "Uptown Joe's," at the Hotel Majestic, located at 1500 Sutter Street, San Francisco, California.

4. Defendants' "Uptown Joe's" restaurant competes directly with OJI's Original Joe's restaurant in the same geographic market, targets the same customers, and uses the same channels of promotion and trade. Defendants intentionally chose the name "Uptown Joe's" to take advantage of the goodwill of OJI's ORIGINAL JOE'S service mark. Knowledgeable independent commentators on the San Francisco restaurant scene have already published articles regarding the confusing similarity between the names. A poster on the popular consumer rating site Yelp also confused the two names, believing that Defendants' restaurant had been opened by OJI and expressing hope that OJI would also reopen in its original Taylor Street location. A member of the press also wrote an article which describes Defendants' "Uptown Joe's" restaurant as a "branch" of OJI's Original Joe's restaurant.

5. OJI will be irreparably harmed by this infringement. OJI has no ability to control the quality of food or service at Defendants' Uptown Joe's restaurant. Thus, OJI will lose control of its own reputation which would now rest in part upon the quality of Defendant's activities as a result of a likelihood of consumer confusion. If Defendants happen to develop a poor reputation or shut prematurely—as appears to be a problem with their chosen restaurant location—that reputation will be imputed to OJI. Confusion also will result in an impossible to quantify diversion of customers. This is particularly true while OJI works to reopen the Original Joe's restaurant, which was forced to close after a large fire in October 2007. Harm to OJI's brand will deprive it of substantial business opportunities. Such injury will be difficult, if not impossible, to measure or undo if allowed to continue.

6. Upon learning of Defendants' plan to open their restaurant using the confusingly similar name "Uptown Joe's," OJI immediately contacted Defendants and requested that they change the name. Defendants failed to respond initially, but ultimately, through their principal, representative, and counsel, have refused to change the name.

7. OJI is likely to succeed on the merits of its trademark infringement and unfair competition claims. The balance of hardships also strongly favors OJI, as the very lifeblood of its business is at risk while Defendants can simply change a name with which they have not been associated for more than a few days. Defendants have altered the status quo by opening their restaurant. Accordingly, there is an ongoing and irreparable harm to be restrained in the Defendants' use of the "Uptown Joe's" name for the Defendants' restaurant, which Defendants undertook with full knowledge of OJI's prior rights. Under the circumstances, a temporary restraining order and order to show cause re: preliminary injunction should issue.

This Ex Parte Application is based upon the following pleadings and papers: the Complaint previously filed in this action at Docket #1; this Ex Parte Application, the Memorandum of Points and Authorities in Support of Ex Parte Application and Order to Show Cause; the Declarations (and exhibits thereto) of Vijay K. Toke, Clark Lammers, Marie Duggan, John A. Duggan, Rosario "Charo" Tupac, Richard Abinader, and Charles Pfister; and the [Proposed] Order Granting Ex Parte Application, all of which are filed herewith.

OJI's counsel provided notice to Defendants' counsel of this Ex Parte Application on November 19, 2009 by telephone. Since defense counsel has not yet appeared in this action, by signature hereon the undersigned also certifies that copies of this Ex Parte Application and all supporting papers will be or have been provided by e-mail to Defendants' counsel before or contemporaneously with filing on the ECF system. Counsel for Defendants has agreed to service in this fashion.

DATED: November 20, 2009

Respectfully submitted,

COOPER, WHITE & COOPER LLP

By: /s/ Vijay K. Toke
Vijay K. Toke
Attorneys for Plaintiff Original Joe's, Inc.

626491.1